UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHAMEKA MICHELLE SEDDENS,    )
                             )
        Plaintiff,            )
                             )
    v.                       )    No. 4:09CV1396 HEA
                             )
GREAT CUTS, et al.,          )
                             )
        Defendants.          )

**OPINION, ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Shameka Michelle Seddens for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must

also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief in this 42 U.S.C. § 2000e-5 action against defendants Great Cuts and Seameus McGowan. Plaintiff alleges that while she was employed by Great Cuts, she was discriminated against on the basis of her race.

**Discussion**

Title VII imposes liability on an employer who engages in certain discriminatory practices. Thus, plaintiff's claims against defendant Great Cuts are sufficient to proceed at this time. The complaint is, however, legally frivolous as to defendant Seameus McGowan, because plaintiff has asserted no allegations against this individual and there is no indication that McGowan was plaintiff's employer. The Court notes that an individual holding a supervisory position over a Title VII plaintiff, cannot be held liable under Title VII in his or her individual capacity. Bales v. Wal-Mart Stores, Inc., 143 F.3d 1103, 1111 (8th Cir. 1998). The Court will, therefore, dismiss defendant Seameus McGowan, without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk receive and file the complaint in this action without payment of the required filing fee. See 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Great Cuts.

**IT IS FURTHER ORDERED** that, as to defendant Seameus McGowan, the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous

and fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 4th day of September, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE